## In re Aldine Trust Company. No. 1

*Herman P. Abramson,* for exceptant.

*Joseph K. Willing* and *Lester S. Hecht,* contra.

SMITH, P. J., December 2, 1932.—This is the matter of the exception of Isadore Benoff to the first and partial account of William D. Gordon, Secretary of Banking, in possession of the property of the Aldine Trust Company. On July 18, 1929, Isadore Benoff opened an account with the Manufacturers Title and Trust Company, which later was taken over by the Aldine Trust Company. In July, the Manufacturers Title and Trust Company was conducting a campaign for new depositors and it was offering inducements to people who would open an account with it and maintain a definite balance. Benoff was approached by a solicitor from the bank, who showed him the premiums in the way of gifts given by the bank to new depositors. For every deposit opened in the amount of $100 the bank offered a premium for which the depositor paid $4, and then if the depositor would pay $4 a week for the year and had a balance of $200 (or an average balance of $100 during the year), he was to be given a credit for the $4 paid for the merchandise plus interest in the sum of $4. Benoff advised the solicitor that he would open an account in the sum of $4000 if he got a cash premium in the sum of $160. To this the solicitor agreed. The deposit book of Benoff in the Pilgrim Thrift Club of the Manufacturers Title and Trust Company shows the notations:

"320 Dollars to be credited to this account one year from date pass book is issued providing the account then shows a standing balance of $4000 for the period of one year or at least 8 Thousand Dollars in weekly deposits of $160 per week.

|  | "Deposit | Balance |
|---|---|---|
| "2-23-29 | 10 | 10 |
| Sept. 3, 1929 | 500 | 510 |

"Four dollars to be credited to this account one year from date pass book is issued providing the account then shows a standing balance of Fifty Dollars

for the period of one year, or at least One hundred and four Dollars in weekly deposits of $2.00 per week.

| "Dec. 30, 1929 | 500.00 | 1010.00 |
|---|---|---|
| May 1, 1930 | 2654.66 | 3664.66 |
| 6-30-30 Int. | 37.96 | 3702.62 |
| 12-31-29 Int. | 6.80 | 3709.42" |

Benoff paid his $160 with the arrangement that if at the end of the year he had a balance of $4000 the trust company would double the $160, giving him at the end of the contract the sum of $320. No part of the $160 was carried on the books of the company as a liability or credited by it as a deposit. It is admitted that Benoff failed to fulfill his contract, as his balance was withdrawn before it at any time reached the sum of $4000; nor does his account show at least $8000 in weekly deposits of $160 a week as provided in the agreement. The payment by him of $160 to the trust company was in the nature of a contract and cannot be recognized as an unconditional deposit. He matched his $160 against the $320 promised by the trust company in the event that he maintained the balance that he had agreed to. He failed to complete his term of the agreement. In fact, he breached it and is, therefore, not entitled to the sum of $160.

The secretary of banking has caused to be paid on the deposit of Benoff twenty per cent. on his deposit of $3709.42 or $741.88. That is all to which he is legally entitled. As to the sum of $160 paid in furtherance of the agreement, he stands in the status of a creditor, not a depositor, of the trust company.

### Decree

And now, to wit, December 2, 1932, the exception of Isadore Benoff to the first and partial account of William D. Gordon, Secretary of Banking, is dismissed.